UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOSHUA J. LEPORE,

    Petitioner,

v.                                         Case No. 1:24-cv-110-AW/MJF

STATE OF FLORIDA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner is a State of Florida pretrial detainee proceeding *pro se*. He filed a second amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 9. Because Lepore has not exhausted remedies available to him under Florida law, the District Court should dismiss Lepore's petition.

### I. BACKGROUND

On June 24, 2024, Lepore commenced this action by filing a habeas petition pursuant to 28 U.S.C. § 2241. Doc. 1. On September 16, 2024, Lepore filed his second amended section 2241 petition. Doc. 9. Lepore is currently detained pre-trial on: (1) trafficking in methamphetamine; (2) two charges of introducing contraband into a county detention facility;

(3) battery on an officer, firefighter, medical provider, or public employee; (4) resisting officer with violence; (5) possession of firearm, ammunition, or electric weapon by convicted felon; (6) possession of short, barreled shotgun; and (7) possession or use of drug equipment. Doc. 9 at 1, 7; *State of Florida*, No. 24-CF-60 (8th Jud. Cir.) (filed Mar. 6, 2024); *State of Florida v. Lepore*, No. 24-CF-56 (8th Jud. Cir.) (filed Mar. 1, 2024).[1] Lepore asserts that his detention is unconstitutional because a Florida judge required "excessive bail" and denied Lepore's motion for a bond reduction. Doc. 9 at 7, 12. Lepore requests that the District Court impose "a more suitable/financially obtainable bail." *Id.* at 8.

## II. Discussion

Section 2241 of Title 28 of the United States Code empowers district courts to grant a writ of habeas corpus. 28 U.S.C. § 2241(a). Although state pretrial detainees may file a petition pursuant to section 2241, such claims are "extraordinary" and are rarely viable. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). Habeas-corpus proceedings under section

---

[1] The undersigned takes judicial notice of the documents filed in the Eighth Judicial Circuit Court in and for Gilchrist County, Florida.

2241 are not intended to serve "as a substitute for the functions of the trial court." *Henry v. Henkel*, 235 U.S. 219, 229 (1914). Thus, "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391–92 (1918).

A district court "may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'" *Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022); *Hughes*, 377 F.3d at 1262 n.4; *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., specially concurring). Requiring state pretrial detainees to exhaust remedies available under state law minimizes "interference by federal courts in the normal functioning of state criminal processes." *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see Johnson*, 32 F.4th at 1096. To fully exhaust available remedies, a state pre-trial detainee must: (1) fairly present his federal claim to the state courts; and (2) prosecute his claim "to the state's highest court, either on direct appeal or on collateral review." *Johnson*, 32 F.4th at 1096. A district court may dismiss a habeas petition when it is facially apparent that the petitioner

failed to exhaust his state remedies. *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Okpala v. Drew*, 248 F. App'x 72, 73 (11th Cir. 2007).

Under Florida law, a pre-trial detainee can file in the appropriate Court of Appeal a petition for writ of habeas corpus seeking relief from pretrial detention and challenging the bond determination of the trial court. *Byrd v. Mascara*, 197 So.3d 1211, 1213 (Fla. 4th DCA 2016) ("The trial court's determination of bail is presumed correct, but an appellate court will grant" habeas "relief where the petitioner demonstrates that the bail amount is unreasonable under the circumstances."); *Mehaffie v. Rutherford*, 143 So. 3d 432, 433 (Fla. 1st DCA 2014). Here, Lepore states that he challenged the trial judge's bail determination by filing—through counsel—a motion to reduce bond with the trial court. Doc. 9 at 6; *State of Florida*, No. 24-CF-60, Motion to Reduce Bond, Dkt. No. 38 (8th Jud. Cir.) (filed on May 22, 2024); *State of Florida v. Lepore*, No. 24-CF-56, Motion to Reduce Bond, Dkt. No. 47 (8th Jud. Cir.) (filed on May 22, 2024). On May 29, 2024—*less than one month before Lepore filed the instant petition*—the Florida trial court denied Lepore's motion for bond reduction. Lepore acknowledges that he has not challenged the trial court's determination of bail or it's denial of the motion for bond reduction

in the relevant District Court of Appeal or Florida Supreme Court. *Id.* at 3. In other words, he has not raised his claims—either through a direct appeal or collaterally—to the relevant Florida District Courts of Appeal or the Florida Supreme Court. *See Johnson*, 32 F.4th at 1096 (to properly exhaust the claim must prosecute his claim "to the state's highest court, either on direct appeal or on collateral review."). Accordingly, Lepore has not pursued—much less exhausted—the remedies afforded to him by Florida law.

Because Lepore failed to exhaust his state remedies before filing his petition for writ of habeas corpus, the District Court should dismiss Lepore's section 2241 petition.

### III. CONCLUSION

Because Lepore has not exhausted his available state remedies, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice Lepore's second amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 9.

2. Order the clerk of the court to close this case file.

At Pensacola, Florida, this 23rd day of September, 2024.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**